**Original filed 2/27/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD ALLEN MCCLAIN, | ) | No. C 06-3834 JF (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| vs. | ) ) | WITH LEAVE TO AMEND; DENYING MOTION FOR |
| DEPUTY G.L. ARNOLD, et al., | ) ) | DISCOVERY WITHOUT PREJUDICE |
| Defendants. | ) ) | |
| | ) | (Docket No. 3) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Alameda County Deputy Sheriff G.L. Arnold, Alameda County Sheriff Plummer, and the Alameda County Sheriff's Department. Plaintiff also filed a motion for discovery concerning Deputy Sheriff Arnold's background records and personnel file. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. The Court will DENY Plaintiff's motion for discovery (docket no. 3) without prejudice and DISMISS the complaint with leave to amend as to Defendants Alameda County Sheriff Plummer and the Alameda County Sheriff's Department.

\\\

\\\

# BACKGROUND

Plaintiff was detained at the Alameda County Jail in 2006. Plaintiff alleges that Deputy Arnold took away Plaintiff's cane and lied to Plaintiff that the doctor withdrew Plaintiff's medical "chrono" authorizing his use of the cane. Plaintiff uses a cane because he suffers from vertigo and paralysis on his left side. Plaintiff claims that Deputy Arnold conspired with a nurse who knew of Plaintiff's medical condition. Another medical staff member and deputy returned Plaintiff's cane and verified Plaintiff's medical "chrono" for the cane.    Plaintiff names the following Defendants in his complaint: Alameda County Deputy Sheriff G.L. Arnold, Alameda County Sheriff Plummer, and the Alameda County Sheriff's Department. Plaintiff seeks punitive monetary damages for his mental anguish and pain and suffering. See Complaint at 3-4.

# DISCUSSION

**A.    The Merits**

    1.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a

constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

        2.       Plaintiff's Claim

Plaintiff alleges that Deputy Arnold took away his cane and lied that Plaintiff's medical "chrono" authorizing his cane was rescinded, when in fact it was still valid.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  Id. (citing Estelle v. Gamble, 429 U.S. at 104).  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment.  See id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  Id.  If a prison official

1  should have been aware of the risk, but was not, then the official has not violated the
2  Eighth Amendment, no matter how severe the risk.  Gibson v. County of Washoe, 290
3  F.3d 1175, 1188 (9th Cir. 2002).
4       In order for deliberate indifference to be established, therefore, there must be a
5  purposeful act or failure to act on the part of the defendant and resulting harm.  See
6  McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d
7  404, 407 (9th Cir. 1985).  A finding that the defendant's activities resulted in
8  "substantial" harm to the prisoner is not necessary, however.  Neither a finding that a
9  defendant's actions are egregious nor that they resulted in significant injury to a prisoner
10 is required to establish a violation of the prisoner's federal constitutional rights.  See
11 McGuckin, 974 F.2d at 1060, 1061 (citing Hudson v. McMillian, 503 U.S. 1, 7-10 (1992)
12 (rejecting "significant injury" requirement and noting that Constitution is violated
13 "whether or not significant injury is evident")).
14      Here, Plaintiff alleges a cognizable claim against Defendant Arnold for deliberate
15 indifference to his medical needs.  However, Plaintiff fails to set forth specific facts
16 showing how the remaining Defendants proximately caused a constitutional deprivation.
17 For a claim to be cognizable, a Plaintiff must "set forth specific facts as to each individual
18 defendant's deprivation of protected rights."  Leer, 844 F.2d at 634.  But here, Plaintiff
19 alleges facts without explaining the actions of each Defendant involved.  As such,
20 Plaintiff fails to link Defendants Sheriff Plummer and the Alameda County Sheriff's
21 Department to his claim.  Accordingly, the complaint does not state a cognizable claim
22 against Defendants Plummer and the Alameda County Sheriff's Department.
23      Plaintiff must allege facts supporting each claim against each individual Defendant
24 separately in his amended complaint showing his entitlement to relief from each
25 Defendant.  Plaintiff should list the constitutional right he has, describe what each
26 Defendant did or failed to do, and describe how each Defendant's acts or omissions
27 caused him injury.  He should not refer to the defendants as a group, i.e., "the
28 defendants;" rather, he should identify each involved Defendant by name and link each of

Order of Dismissal with Leave to Amend; Denying Motion for Discovery Without Prejudice
P:\pro-se\sj.jf\cr.06\McClain834dwlta            4

them to a specific claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights.

As to Plaintiff's claim against Sheriff Plummer and the Alameda County Sheriff's Department, Plaintiff is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).

The Court notes that Plaintiff has named the Alameda County Sheriff's Department as Defendants. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995).

Liability may be imposed on a local government under section 1983 where official policy or custom causes a constitutional tort. Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). To impose such liability, a plaintiff must show that: (1) he or she possessed a constitutional right of which he or she was deprived; (2) the entity had a policy; (3) the policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

Liability based on such policy may be satisfied one of three ways: (1) by alleging and showing that an employee committed the alleged constitutional violation under a formal governmental policy or longstanding practice or custom that is the customary

Order of Dismissal with Leave to Amend; Denying Motion for Discovery Without Prejudice
P:\pro-se\sj.jf\cr.06\McClain834dwlta                 5

operating procedure of the local government entity;[1] (2) by establishing that the individual who committed the constitutional tort was an official with final policymaking authority and that the challenged action itself was an act of official governmental policy which was the result of a deliberate choice made from among various alternatives, or (3) by proving that an official with final policymaking authority either delegated policymaking authority to a subordinate or ratified a subordinate's unconstitutional decision or action and the basis for it.  Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995); Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992), cert. denied, 510 U.S. 932 (1993).

      Plaintiff will be given leave to amend the complaint to cure this deficiency. Accordingly, the Court grants Plaintiff leave to file an amended complaint within **thirty days** of the date this order is filed to include sufficient facts to support his claim against each Defendant and the alleged constitutional violation he suffered.

**B.    Motion for Discovery**

      Plaintiff filed a motion for discovery requesting Defendant Arnold's background records and personnel file, pursuant to Cal. Penal Code § 832.5, which requires that citizen complaints against peace officers be maintained and kept by each individual agency.  However, the Court concludes that Defendant Arnold's background records are not relevant at this stage of the proceedings.  The Court has not ordered service of the complaint and it is unclear whether the requested discovery will be relevant to any disputed issue in this action.  Accordingly, Plaintiff's motion for discovery (docket no. 3) is DENIED without prejudice.

\\\

---

[1] Proof of random acts or isolated incidents are insufficient to establish custom.  See e.g., Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996); Thompson v. City of Los Angeles, 885 F.2d 1439, 1444 (9th Cir. 1989).  But a plaintiff may prove the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded.  Gillette v. Delmore, 979 F.2d 1342, 1348 (9th Cir. 1992), cert. denied, 510 U.S. 932 (1993).

Order of Dismissal with Leave to Amend; Denying Motion for Discovery Without Prejudice
P:\pro-se\sj.jf\cr.06\McClain834dwlta          6

\\\

## CONCLUSION

1.  Plaintiff's motion for discovery (docket no. 3) is DENIED without prejudice.

2.  Plaintiff's claims against Defendants Sheriff Plummer and the Alameda County Sheriff's Department are DISMISSED with leave to amend, as indicated above, within **thirty days** from the date of this order. The amended complaint must include the caption and civil case number used in this order (06-3834 JF (PR)) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992). Plaintiff may not incorporate material from the original complaint, such as supporting documentation of the prison appeal process, by reference. Plaintiff must include all of his claims (including the one cognizable claim against Defendant Arnold) in the amended complaint. **Failure to file an amended complaint within the designated time will result in the Court proceeding with the original complaint and the cognizable claim against Defendant Arnold.**

3.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 2/23/07

JEREMY FOGEL
United States District Judge

Order of Dismissal with Leave to Amend; Denying Motion for Discovery Without Prejudice
P:\pro-se\sj.jf\cr.06\McClain834dwlta
7

A copy of this ruling was mailed to the following:

Richard Allen McClain
P-60749
CA State Prison - Avenal
P.O. Box 9
520- 1-80-L
Avenal, CA  93204