**Original filed 5/10/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD ALLEN MCCLAIN, | ) | No. C 06-3834 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| DEPUTY G.L. ARNOLD, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Alameda County Deputy Sheriff G.L. Arnold, Alameda County Sheriff Plummer, and the Alameda County Sheriff's Department. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. In its initial review of the complaint, the Court found one cognizable claim against Defendant Arnold and dismissed the complaint with leave to amend as to Defendants Alameda County Sheriff Plummer and the Alameda County Sheriff's Department. The Court granted Plaintiff leave to file an amended complaint to cure any deficiencies as to his claims against Defendants Plummer and the Alameda County Sheriff's Department within thirty days. As of the date of this order, Plaintiff has not responded or filed an amended complaint.

1    Accordingly, the Court will dismiss all claims against Defendants Plummer and the Alameda

2    County Sheriff's Department without further leave to amend and order service of the one

3    cognizable claim on Defendant Arnold.

4                                          **BACKGROUND**

5           Plaintiff was detained at the Alameda County Jail in 2006.  Plaintiff alleges that Deputy

6    Arnold took away Plaintiff's cane and lied to Plaintiff that the doctor withdrew Plaintiff's

7    medical "chrono" authorizing his use of the cane.  Plaintiff uses a cane because he suffers from

8    vertigo and paralysis on his left side.  Plaintiff claims that Deputy Arnold conspired with a nurse

9    who knew of Plaintiff's medical condition.  Another medical staff member and deputy returned

10   Plaintiff's cane and verified Plaintiff's medical "chrono" for the cane.  Plaintiff names the

11   following Defendants in his complaint: Alameda County Deputy Sheriff G.L. Arnold, Alameda

12   County Sheriff Plummer, and the Alameda County Sheriff's Department.  Plaintiff seeks

13   punitive monetary damages for his mental anguish and pain and suffering.  See Complaint at 3-4.

14

15                                          **DISCUSSION**

16   **A.    The Merits**

17          1.    Standard of Review

18          Federal courts must engage in a preliminary screening of cases in which prisoners seek

19   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

20   1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

21   that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

22   monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro

23   se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

24   (9th Cir. 1990).

25          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under

26   the color of state law committed a violation of a right secured by the Constitution or laws of the

27   United States.  West v. Atkins, 487 U.S. 42, 48 (1988).

28          Liability may be imposed on an individual defendant under section 1983 if the plaintiff

1  can show that the defendant proximately caused the deprivation of a federally protected right.

2  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d

3  1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the

4  meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or

5  omits to perform an act which he is legally required to do, that causes the deprivation of which

6  the plaintiff complains.  See Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th

7  Cir. 1995).

8          2.      Plaintiff's Claim

9          Deliberate indifference to serious medical needs violates the Eighth Amendment's

10  proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104

11  (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,

12  WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v.

13  Johnson, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference"

14  involves an examination of two elements: the seriousness of the prisoner's medical need and the

15  nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.

16          A "serious" medical need exists if the failure to treat a prisoner's condition could result

17  in further significant injury or the "unnecessary and wanton infliction of pain."  Id. (citing

18  Estelle v. Gamble, 429 U.S. at 104).  The existence of an injury that a reasonable doctor or

19  patient would find important and worthy of comment or treatment; the presence of a medical

20  condition that significantly affects an individual's daily activities; or the existence of chronic and

21  substantial pain are examples of indications that a prisoner has a "serious" need for medical

22  treatment.  See id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir.

23  1990)).

24          A prison official is deliberately indifferent if he knows that a prisoner faces a substantial

25  risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.

26  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of

27  facts from which the inference could be drawn that a substantial risk of serious harm exists," but

28  he "must also draw the inference."  Id.  If a prison official should have been aware of the risk,

1   but was not, then the official has not violated the Eighth Amendment, no matter how severe the

2   risk.  Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

3          In order for deliberate indifference to be established, therefore, there must be a

4   purposeful act or failure to act on the part of the defendant and resulting harm.  See McGuckin,

5   974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

6   1985).  A finding that the defendant's activities resulted in "substantial" harm to the prisoner is

7   not necessary, however.  Neither a finding that a defendant's actions are egregious nor that they

8   resulted in significant injury to a prisoner is required to establish a violation of the prisoner's

9   federal constitutional rights.  See McGuckin, 974 F.2d at 1060, 1061 (citing Hudson v.

10  McMillian, 503 U.S. 1, 7-10 (1992) (rejecting "significant injury" requirement and noting that

11  Constitution is violated "whether or not significant injury is evident")).

12         Plaintiff alleges that Deputy Arnold took away his cane and lied that Plaintiff's medical

13  "chrono" authorizing his cane was rescinded, when in fact it was still valid.  Liberally construed,

14  Plaintiff has alleged a cognizable claim against Defendant Arnold for deliberate indifference to

15  his medical needs.  The Court will order service of this claim.  However, Plaintiff fails to set

16  forth specific facts showing how the remaining Defendants proximately caused a constitutional

17  deprivation.  As such, Plaintiff fails to link Defendants Sheriff Plummer and the Alameda

18  County Sheriff's Department to his claim.  Accordingly, the claims against Defendants Plummer

19  and the Alameda County Sheriff's Department are DISMISSED without leave to amend.

20                                          **CONCLUSION**

21         1.     All claims against Defendant Plummer and Defendant Alameda County Sheriff's

22  Department are DISMISSED without further leave to amend.

23         2.     The Clerk shall issue a summons and the United States Marshal shall serve,

24  without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments

25  thereto, and copies of this order on the following Defendant: Alameda County Sheriff's Deputy

26  G. L. Arnold at the Alameda County/Santa Rita Jail in Dublin, California.  The Clerk shall also

27  serve a copy of this order on Plaintiff.

28         3.     In order to expedite the resolution of this case, the Court orders as follows:

Order of Service
P:\pro-se\sj.jf\cr.06\McClain834srv                4

1    a.    No later than **sixty (60) days** from the date of this order, Defendant shall

2  file a motion for summary judgment or other dispositive motion, or shall notify the Court that

3  Defendant is of the opinion that this case cannot be resolved by such a motion.  The motion shall

4  be supported by adequate factual documentation and shall conform in all respects to Federal

5  Rule of Civil Procedure 56.

6    **Defendant is advised that summary judgment cannot be granted, nor qualified**

7  **immunity found, if material facts are in dispute.  If Defendant is of the opinion that this**

8  **case cannot be resolved by summary judgment, he shall so inform the Court prior to the**

9  **date the summary judgment motion is due**.

10    All papers filed with the Court shall be promptly served on Plaintiff.

11    b.    Plaintiff's opposition to the dispositive motion shall be filed with the

12  Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion

13  is filed.  Ninth Circuit authority holds that the following notice should be given to plaintiffs:

14    The defendants have made a motion for summary  judgment by
   which they seek to have your case dismissed.  A motion for summary
15    judgment under Rule 56 of the Federal Rules of Civil Procedure will, if
   granted, end your case.
16    Rule 56 tells you what you must do in order to oppose a
   motion for summary judgment.  Generally, summary judgment
17    must be granted when there is no genuine issue of material fact--
   that is,  if there is no real dispute about any fact that would affect
18    the result of your case, the party who asked for summary judgment
   is entitled to judgment as a matter of law, which will end your
19    case.  When a party you are suing makes a motion for summary
   judgment that is properly supported by declarations (or other
20    sworn testimony), you cannot simply rely on what your complaint
   says.  Instead, you must set out specific facts in declarations,
21    depositions, answers to interrogatories, or authenticated
   documents, as provided in Rule 56(e), that contradict the facts
22    shown in the defendant's declarations and documents and show
   that there is a genuine issue of material fact for trial.  If you do not
23    submit your own evidence in opposition, summary judgment, if
   appropriate, may be entered against you.  If summary judgment is
24    granted in favor of defendants, your case will be dismissed and
   there will be no trial.

25  See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

26    Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex

27  Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing

28

1   summary judgment must come forward with evidence showing triable issues of material fact on

2   every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to

3   Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the

4   granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v.

5   Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th

6   Cir. 1994).

7          Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative

8   remedies under 42 U.S.C. § 1997e(a) will, if granted, end his case, albeit without prejudice.

9   Plaintiff must "develop a record" and present it in his opposition in order to dispute any "factual

10  record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d

11  1108, 1120 n.14 (9th Cir. 2003).

12          c.      Defendant shall file a reply brief no later than **fifteen (15) days** after

13  Plaintiff's opposition is filed.

14          d.      The motion shall be deemed submitted as of the date the reply brief is due.

15  No hearing will be held on the motion unless the Court so orders at a later date.

16      4.      All communications by the Plaintiff with the Court must be served on Defendant,

17  or Defendant's counsel, by mailing a true copy of the document to Defendants or Defendant's

18  counsel.

19      5.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

20  and the parties informed of any change of address and must comply with the Court's orders in a

21  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

22  pursuant to Federal Rule of Civil Procedure 41(b).

23      6.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

24  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

25  required before the parties may conduct discovery.

26          IT IS SO ORDERED.

27  DATED:  _5/10/07_____

28                                          JEREMY FOGEL
                                            United States District Judge

1   A copy of this ruling was mailed to the following:

2

3   Richard Allen McClain
    P-60749
    CA State Prison - Avenal
4   P.O. Box 9
    520- 1-80-L
5   Avenal, CA  93204

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Service
P:\pro-se\sj.jf\cr.06\McClain834srv                    7