United States District Court
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALLEN MCCLAIN,<br><br>        Plaintiff,<br><br>   vs.<br><br>DEPUTY G. L. ARNOLD, et al.,<br><br>        Defendants. | No. C 06-03834 JF (PR)<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>(Docket No. 18) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Alameda County Deputy Sheriff G. L. Arnold, Alameda County Sheriff Plummer, and the Alameda County Sheriff's Department. In its initial review of the complaint, the Court found one cognizable claim against Defendant Arnold for deliberate indifference to serious medical needs and dismissed the complaint with leave to amend as to Defendants Alameda County Sheriff Plummer and the Alameda County Sheriff's Department. The Court granted Plaintiff leave to file an amended complaint to cure the deficiencies in his claims against Defendants Plummer and the Alameda County Sheriff's Department within thirty days. Plaintiff did not respond or file an amended complaint in the time

Order Granting Motion for Summary Judgment
P:\PRO-SE\SJ.JF\CR.06\McClain834_msj.wpd

1  provided. Accordingly, all claims against Defendants Plummer and the Alameda
2  County Sheriff's Department are DISMISSED for failure to state a claim.
3  Defendant Arnold filed a motion for summary judgment on November 5,
4  2007, on the grounds that: (1) Plaintiff has not established that Defendant was
5  deliberately indifferent to his serious medical needs; and (2) Defendant is entitled to
6  qualified immunity. Plaintiff did not file opposition to Defendant's summary
7  judgment motion. After reviewing the complaint and motion, the Court concludes
8  that Defendant is entitled to summary judgment and will GRANT Defendant's
9  motion.

**DISCUSSION**

**I.   Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is 'no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no

1   reasonable trier of fact could find other than for the moving party.  But on an issue
2   for which the opposing party will have the burden of proof at trial, the moving party
3   need only point out "that there is an absence of evidence to support the nonmoving
4   party's case." Id. at 325.  If the evidence in opposition to the motion is merely
5   colorable, or is not significantly probative, summary judgment may be granted.  See
6   Liberty Lobby, 477 U.S. at 249-50.

   The burden then shifts to the nonmoving party to "go beyond the pleadings
   and by her own affidavits, or by the 'depositions, answers to interrogatories, and
   admissions on file,' designate 'specific facts showing that there is a genuine issue
   for trial.'" Celotex Corp., 477 U.S. at 324 (citations omitted).  If the nonmoving
   party fails to make this showing, "the moving party is entitled to judgment as a
   matter of law." Id. at 323.

   The court's function on a summary judgment motion is not to make
   credibility determinations or weigh conflicting evidence with respect to a disputed
   material fact.  See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d
   626, 630 (9th Cir. 1987).  The evidence must be viewed in the light most favorable
   to the nonmoving party, and the inferences to be drawn from the facts must be
   viewed in a light most favorable to the nonmoving party.  See id. at 631.  It is not the
   task of the district court to scour the record in search of a genuine issue of triable
   fact.  Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996).  The nonmoving party
   has the burden of identifying with reasonable particularity the evidence that
   precludes summary judgment.  Id.  If the nonmoving party fails to do so, the district
   court may grant summary judgment in favor of the moving party.  See id.; see, e.g.,
   Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1028-29 (9th Cir.
   2001).

## II.   **Legal Claim and Analysis**

   Plaintiff alleges that while he was detained at the Santa Rita Jail in Dublin,
   California, Defendant Deputy Arnold wrongfully confiscated Plaintiff's walking

Order Granting Motion for Summary Judgment
P:\PRO-SE\SJ.JF\CR.06\McClain834_msj.wpd           3

cane on April 26, 2006, and lied to Plaintiff that the doctor withdrew Plaintiff's medical "chrono" authorizing his use of the cane. Plaintiff alleges that a cane is necessary because he suffers from vertigo and paralysis on his left side. Plaintiff claims that Deputy Arnold conspired with a nurse, who is not named as a defendant in this action, who knew of Plaintiff's medical condition. Plaintiff alleges that another medical staff member and deputy returned Plaintiff's cane and verified Plaintiff's medical "chrono" for the cane. Liberally construed, Plaintiff's claim is sufficient to state a claim of deliberate indifference to serious medical needs against Defendant Arnold.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (quoting Estelle, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, there must be a purposeful act or failure to

act on the part of the defendant and resulting harm.  See McGuckin, 974 F.2d at 1060.

Applying these principles to the instant case, the Court concludes that Plaintiff's claim against Defendant is appropriate for summary judgment.  First of all, there is no genuine issue of material fact as to Plaintiff's claim that his vertigo and paralysis constituted a "serious" medical condition, see McGuckin, 974 F.2d at 1059-60.  Furthermore, there is no evidence to support Plaintiff's claim that Defendant acted with deliberate indifference and consciously disregarded an excessive risk to Plaintiff's health by taking away his walking cane.  See Farmer, 511 U.S. at 837.

Defendants have submitted declarations and documentary evidence showing the following facts: On April 26, 2006, Defendant Arnold observed Plaintiff misusing his authorized cane by walking around with his cane hanging from his shirt.  (Arnold Decl. at 2.)  Defendant had previously observed Plaintiff misusing his cane and had warned him that he would bring it to the attention of medical staff if he continued to do so.  (Id.)  On the same day, Defendant Arnold reported his observations of Plaintiff misusing his cane to Nurse M. Sadri[1] during the daily sick call, when inmates seeking medical attention are seen by a nurse.  (Id.)  Nurse Sadri had treated Plaintiff on numerous occasions, usually during the daily pill call and sick call, and had personally observed Plaintiff misusing his cane on previous occasions.  (Sadri Decl. at 2-3.)  On the day at issue, Nurse Sadri conducted a physical examination of Plaintiff, agreed with Defendant's observations, and believed that a cane was no longer medically indicated.  (Id.)  Toward the end of sick call that day, Nurse Sadri brought Plaintiff's misuse of his cane to the attention of Dr. Horacio Campos, the Santa Rita physician, who determined that Plaintiff was not properly using his cane and ordered the cane discontinued.  (Id.)  Defendant

---

[1] Nurse M. Sadri is not named as a defendant in this action although Plaintiff alludes to a conspiracy between her and Defendant Arnold.

1  Arnold confiscated the cane pursuant to Dr. Campos' order. (Arnold Decl. at 3.)

2  Defendant has met his burden of showing an absence of evidence to support
3  Plaintiff's case that he was suffering from a serious medical condition or that
4  Defendant acted with deliberate indifference thereto. The declarations provide
5  evidence that Plaintiff was able to move around without the use of the walking cane,
6  which he carried hanging from his shirt. Even assuming that Plaintiff's vertigo and
7  paralysis constituted a "serious" medical condition, there is no evidence to support
8  Plaintiff's claim that Defendant acted with deliberate indifference in confiscating the
9  cane. The record shows that Defendant followed the policies and procedures of the
10 Sheriff's Office in his actions leading to the confiscation of Plaintiff's walking cane:
11 1) Defendant monitors all inmates who possess medically approved devices that can
12 be used as a weapon, such as Plaintiff's cane; 2) after observing an inmate misusing
13 a medical devise, such as a cane, Defendant warns the inmate that failure to properly
14 use the devise will result in referral for reevaluation by medical staff; 3) if the
15 inmate's behavior does not change, Defendant informs the medical staff of the
16 problem; and 4) only medical staff can discontinue an inmate's medically approved
17 device. (Def.'s Motion at 10.) Pursuant to these procedures, Defendant observed
18 Plaintiff misusing his cane, as a medically approved device, on several occasions
19 and warned him against the continued misuse of the cane. (See *supra* at 5.) When
20 Plaintiff continued to misuse the cane despite the warning, Defendant informed
21 medical staff, *i.e.*, Nurse Sadri, of the problem. (Id.) Defendant confiscated the
22 walking cane from Plaintiff only after Dr. Campos made the decision to discontinue
23 the cane. (Id.) Accordingly, Defendant did not act with deliberate indifference
24 when he followed the policies and procedures of the Sheriff's Office in confiscating
25 Plaintiff's walking cane after it was properly determined by medical staff to
26 discontinue it. Nor can it be said that Defendant acted with a conscious disregard to
27 an excessive risk to Plaintiff's health in confiscating the cane in light of the fact that
28 he had observed Plaintiff walking without the use of the cane on several occasions.

Order Granting Motion for Summary Judgment
P:\PRO-SE\SJ.JF\CR.06\McClain834_msj.wpd          6

Finally, the record clearly contradicts Plaintiff's claim that Defendant "lied" that a doctor had withdrawn the approval of the cane because it is well documented that Dr. Campos did in fact order the cane discontinued.

As noted, Plaintiff has not filed opposition to the motion for summary judgment.[2] Where the plaintiff does not file an opposition to a motion for summary judgment but has verified his complaint, the Court treats the allegations in the verified complaint as an opposing affidavit to the extent such allegations are based on plaintiff's personal knowledge and set forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995). Here, Plaintiff failed to sign his complaint, and therefore this Court cannot treat the allegations in the complaint as an opposing affidavit. See id.

Defendants are entitled to summary judgment based on Plaintiff's failure to meet his burden of proof under Celotex and show that there is a genuine issue for trial on his claim of deliberate indifference to serious medical needs. See Arpin, 261 F.3d at 922.

In sum, Plaintiff has failed to raise a genuine issue of material fact as to whether Defendant was deliberately indifferent to his serious medical needs. Consequently, Defendant is entitled to summary judgment on Plaintiff's claim.[3]

///
///
///

---

[2] Plaintiff was advised pursuant to Rand v Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), that to prevent summary judgment in favor of defendants he "must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial." May 1, 2008 Order at 4. (quoting Rand, 154 F.3d at 962-63). "If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you." Id.

[3] Because the Court finds that no constitutional violation occurred, it is not necessary to reach Defendant's qualified immunity argument.

**CONCLUSION**

For the foregoing reasons, Defendant Arnold's motion for summary judgment is GRANTED. All claims against Defendants Plummer and the Alameda County Sheriff's Department are DISMISSED for failure to state a claim.

The Clerk of Court shall terminate Docket No. 18, enter judgment and close the file.

**IT IS SO ORDERED.**

DATED: 9/3/08

JEREMY FOGEL
United States District Judge